30 Del.]  Ramsey's Trustees vs. Dir. Gen'l of R'r's.    565

Syllabus—Statement.

Tilghman Johnston and Walter Blackson, trustees under the last will and testament of William Gonverneur Ramsey, deceased, *vs.* The Director General of Railroads.

1. **Railroads—Burden of Proving Negligent Fire is on Plaintiff.**
   In an action against a railroad company for damage by fire, the company's negligence is the gist of the action, and is never presumed; the burden of proving the negligence alleged being on plaintiff.

2. **Negligence—Want of Ordinary Care of Reasonably Prudent Person is "Negligence."**
   "Negligence" is failure to observe, for protection of others, the care, prudence, and vigilance which the circumstances require, or the want of such care as a reasonably prudent, careful person would exercise in ordinary circumstances.

3. **Railroads—Liable for Fires Only if Negligent.**
   A railroad is liable for property destroyed by fire communicated from its engine only for want of due care in the transaction of its lawful business, including the use of its engines, and if it had taken proper precautions, employing competent operators, and equipping its locomotives with spark arresters, and its enginemen exercised reasonable care, it is not liable.

4. **Railroads— Cause of Fire May be Shown by Direct or "Circumstantial Evidence."**
   That the burning of plaintiffs' buildings resulted from negligent acts of a railroad may be shown by direct or circumstantial evidence, which latter is the proof of one fact by proving the existence of certain other facts, from which the fact in issue must, to the satisfaction of the jury, be reasonably, naturally and probably inferred.

(*March* 23, 1920.)

Pennewill, C. J., and Conrad, J., sitting.
*Aaron Finger* and *James I. Boyce* for plaintiffs.
*John W. Huxley, Jr.*, for defendant.
Superior Court for New Castle County, March Term, 1920.

Summons Case, No. 18, September Term, 1919.

Action by Tilghman Johnston and Walter Blackson, as trustees under the last will and testament of William G. Ramsey, deceased, against the Director General of Railroads. Verdict for plaintiffs.

Evidence was introduced by the plaintiffs to show: That a barn and other adjacent buildings and their contents situated on a farm, in New Castle county, owned by plaintiffs, were completely destroyed by fire on October 9, 1918, shortly after eight

o'clock in the evening. That the barn was located at a distance of one hundred and fifty feet from the right of way of a railroad then being operated by defendant. That shortly before eight o'clock a train passed said barn and a few minutes later the barn and adjacent buildings were discovered to be on fire. That for two hours previous no one had been inside the buildings, and the only cause that could be attributed to the fire was the possibility of sparks having been emitted from the locomotive, and communicated to the barn. That locomotives of the defendant company have frequently been seen emitting large numbers of sparks in the immediate neighborhood of the plaintiffs' farm, and that other fires have occurred on said farm and adjacent properties, said fires always being first noticed shortly after the passing of trains. It was also testified that the wind on the night in question was blowing in the direction from the railroad to the barn.

The defense was that the train in question emitted no sparks as it passed plaintiff's property on October 9, 1918, said locomotive having been equipped with the latest improved spark arrester, which was examined on the morning following the fire and found to be in good condition. That the wind on the night of the fire was blowing in the direction from the barn to the right of way of the railroad.

### PLAINTIFFS' PRAYERS.

Direct evidence that the fire in question was caused by the defendant's locomotive is not required. It is sufficient if this be proved by circumstantial evidence.

Proof that damage has been caused by fire from a locomotive on a railroad raises a prima facie presumption of negligence on the part of the railroad. In order to exonerate itself from liability, the defendant must show that it was not negligent. For collection of cases supporting this prayer, see *Note* XI, to case of *Jacob Doll & Sons v. Ribetti*, 5 *Neg. Comp. Cases Ann.* (1913) 46.

It is the duty of the railroad to use ordinary care in equipping its locomotives with the best mechanical appliances in known and practical use for preventing the escape of fire and sparks. *Phillips v. So. Railroad Company*, 109 *Va.* 436, 63 *S. E.* 998 (1909).

Mere proof that the equipment of the engine was in good condition is not sufficient to relieve the defendant of the charge of negligence. The defendant must also prove that its equipment was properly operated.

It is also the duty of the railroad to keep its locomotives in proper condition and repair and under proper management to prevent the emission of sparks and fire. *Phillips v. Railroad Co., supra.*

"Evidence, though uncontradicted, that the apparatus of the locomotive was in good order, and that those in charge were competent and skillful, does not of itself prove that the fire did not originate from the locomotive; to do that the defendant ought to show that the fire could have originated in some other way." *Hagan v. Railroad Co.*, 86 *Mich.* 615, 49 *N. W.* 509; 3 *Shear. & Red. on Neg.* (*6th Ed.*) § 676.

Even though all needful and proper appliances are used for the retention of sparks, the railroad will nevertheless be liable if sparks escape by overcrowding the engine or if fire escapes through any other want of due care.   3 *Shear. & Red. on Neg.* (*6th Ed.*) § 674.

"If engines in good repair and properly constructed do not ordinarily set out fires, defects in an engine, or negligence in running them, may be inferred from the frequent escape of fire therefrom. Circumstances of this kind may be considered by the jury." *Slossen v. Burlington, etc., Railroad Co.* (*Iowa*) 10 *N. W.* 860.

Evidence to show that it was improbable that the fire started in any other way may be considered by the jury in determining whether the fire was started by fire from the locomotive.

Evidence of other fires in the neighborhood at other times may also be considered by the jury in determining whether the fire in question was started by the locomotive of the defendant.

Measure of damages.

Evidence showing the throwing of sparks and fire for a considerable distance from the railroad tracks may be considered by the jury as tending to show negligence on the part of the railroad in the operation or construction of its locomotives.

## DEFENDANT'S PRAYERS.

To find a verdict for the defendant.

To entitle the plaintiffs to recover in their action it is incumbent on the plaintiffs to establish the fact to the satisfaction of the jury that the defendant set fire to the plaintiffs' barn by sparks emitted from its engine. *Jefferis v. P., W. & B. R. R. Co.*, 3 *Houst.* 455.

That even if the plaintiffs established the fact the fire was caused by a spark from the defendant's engine, still if they failed to show by satisfactory proof that the firing and destruction of the barn resulted from the carelessness or negligence of the defendant they could not recover in this action.

That the defendant is not answerable under all circumstances or at all events, but is only answerable for their own fault, that is for want of due care, skill or diligence, in the transaction of their business and in the use of their engines in it to prevent such accidents.

That if the defendant on the occasion in question had adopted the usual precautions in  supplying its engine with such spark arresters as were in general use for the escape of sparks, and employed a competent engineer to manage its engine and the engineer used reasonable care and diligence in the management of said engine then the defendant did all that either the law, or enlightened reason required of it in such case and the plaintiffs could not recover in this action. *Jefferis v. P. W. & B. R. R. Co., supra.*

That the defendant had an unquestionable right to operate the railroad by engines propelled by steam generated by fire.

That if the defendant used due care and caution in the running of its engines and yet unfortunately the barn of the plaintiffs was set on fire by sparks emitted from its engine and destroyed, the plaintiffs would not be entitled to recover for the loss sustained by them because the defendant under such circumstances would be without fault. *Jefferis v. P., W. & B. R. R. Co., supra.*

If the defendant had in use on its locomotive fire appliances and machinery then in general use for the prevention of the

escape of sparks and coals of fire and the plaintiffs do not show that it has been negligent in other particulars there would be no liability and the plaintiffs cannot recover in this action. 3 *Elliott on R. R.* § 1224; *Philadelphia & R. R. Co. v. Schultz,* 93 *Pa.* 341; *Texas, etc., R. R. Co. v. Levi,* 59 *Tex.* 674; 13 *Am. & Eng. R. Cas.* 464.

A railroad company is not bound to adopt any particular kind of appliances or machinery for the prevention of fires and it cannot be held guilty of negligence for failing to adopt a different kind or pattern of appliances than that which it has adopted, if it has exercised reasonable care in the selection, and the latter is approved and in general use, and if the company has taken every precaution and secured approved machinery in general use it has done all that lies in its power to do, consistent with the operation of the road, and is therefore not liable for a purely accidental fire. *Louisville, etc., R. Co. v. Reese,* 85 *Ala.* 497, 5 *South,* 283, 7 *Am. St. Rep.* 66; *Jennings v. Penna. R. R. Co.,* 93 *Pa.* 337; *St. Louis, etc., Ry Co. v. Dawson,* 77 *Ark.* 434, 92 *S. W.* 27; *St. Louis etc., R. Co. v. Hoover,* 3 *Kan. App.* 577, 43 *Pac.* 854.

This action is based upon negligence and the plaintiffs in order to recover must establish such negligence by a preponderance of the evidence. Negligence is never presumed and the burden of establishing such negligence rests upon the party alleging it.

Where the presumption of negligent construction or operation arises from the fact that the fire was set by defendant's locomotive, when that presumption thus arising is repelled and rebutted, by proof of proper construction and use of proper appliances and careful management and operation, the plaintiffs cannot recover without producing proof of actual negligence or want of ordinary care. *Osburn v. R. & N. Co.,* 15 *Idaho,* 478, 98 *Pac.* 627, 19 *L. R. A.* (*N. S.*) 745, 16 *Ann. Cas.* 879; *Ala. G. S. R. Co. v. Taylor,* 129 *Ala.* 238, 29 *South.* 673; *Preece v. Rio Grande Wes. R. Co.,* 24 *Utah,* 493, 68 *Pac.* 413; *Menominee River S. & D. Co. v. M. & N. R. Co.,* 91 *Wis.* 447, 65 *N. W.* 179; *Creighton v. Chicago. R. I. & P. R. Co.,* 68 *Neb.* 458, 94 *N. W.* 527; *Mo., K. & T. Co. v. Stafford,* 31 *S. W.* 319; *Gainesville, J. & S. R. Co. v. Edmondson.*

101 *Ga.* 747, 29 *S. C.* 213; *Louisville & N. R. Co. v. Marbury Lumber Co.*, 125 *Ala.* 237, 28 *South*, 438, 50 *L. R. A.* 620.

The fact of a fire is no evidence of itself of negligence on the part of the defendant.

CONRAD, J., charging the jury:

The court declines to instruct the jury to find for defendant.

In this case the plaintiffs, Tilghman Johnston and Walter Blackson, trustees, seek to recover from the Director General of Railroads, the defendant, the sum of $3,979.30, with interest from October 9, 1918 (said to total $4,322.18), as damages for the loss alleged to have been sustained by them through the destruction of a barn and other buildings and their contents, located in Christiana hundred, in this county, on the evening of October 9, 1918, it being alleged the fire resulted from the negligence of defendant. The acts of negligence relied on are:

(1) "From the negligent, careless and unskillful operating of a locomotive whereby fire and sparks were emitted from said locomotive and were communicated to the barn and other buildings of the plaintiffs."

(2) "That the defendant failed to provide the locomotive operated by it with appliances to prevent the escape of fire and sparks from the smoke-stack thereof, whereby fire was communicated to the barn and other buildings as aforesaid."

[1] Negligence is the gist of the action. Unless the evidence establishes to your satisfaction negligence on the part of defendant, the plaintiffs cannot recover. Negligence is never presumed, and the burden of proving the negligence alleged, is upon the plaintiff.

[2] Negligence is the failure to observe for the protection of others, that care, prudence and vigilance which the circumstances require, or as has been said, the want of such care as a reasonably prudent and careful person would exercise under ordinary circumstances.

[3] In a case like this the defendant company is only liable for want of due care, skill or diligence in the transaction of its lawful business, including the use of its engines, to prevent accidents.

If the defendant in the present case had adopted the usual and proper precautions in employing competent engineers and firemen to manage and operate its engines, and the engineers and firemen used reasonable care and diligence in the management and operation of them, and its locomotives were supplied with such spark arresters, as were in general use for preventing the escape of sparks, then the defendant did all that the law required, but it was bound to exercise its rights with due care and caution in respect to the rights and property of others.

Before plaintiffs can recover they must establish to your satisfaction, that the barn and outbuildings together with their contents were destroyed by sparks emitted from defendant's locomotive, and that the firing and destruction of the property resulted from the carelessness and negligence of the defendant, or its servants or agents.

[4]    Whether the alleged firing of plaintiff's property resulted from the alleged acts of negligence of the defendant company, or any of them, may be shown by either direct or circumstantial evidence.

Proof by circumstantial evidence is the proof of one fact by proving the existence of certain other facts. The fact to be proved by circumstantial evidence must to the satisfaction of the jury, be reasonably, naturally and probably inferred, from the existence of other facts proved.

Negligence, when relied upon, as the basis of the action is a question of fact for the determination of the jury according to the preponderance or weight of the evidence.

If you find for the plaintiffs, you should assess as their damages the value of the buildings destroyed, and the value of the contents thereof with interest from the date of the fire.

If on the other hand you should find for the defendant your verdict should be simply for defendant.

Your verdict should be for that party in whose favor the evidence preponderates, taking into consideration all the facts and circumstances and applying the same to the law which the court has announced to you.

Verdict for plaintiffs.